IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-01022 RMR-NRN

Steve Nichols, individually and on behalf of all
Others similarly situated,

        Plaintiff,

v.

Google LLC,

        Defendant.

**VICTORIA LUU'S DECLARATION IN SUPPORT OF
PLAINTIFF GOOGLE LLC'S MOTION TO COMPEL ARBITRATION AND STAY**

    1.    I, Victoria Luu, am a Legal Specialist on the Devices team at Google LLC, where I have worked since 2019. In that role, my duties and responsibilities include designing and delivering improved operating models and workflows for the Google Legal Department, among them Google's arbitration and opt-out procedures. I have personal knowledge of the facts stated herein, including through a review of Google's business records (as regularly kept in the ordinary course of its businesses), and I could and would testify competently thereto.

### Google Device Arbitration Agreements

    2.    In connection with my position as a Legal Specialist, I am familiar with the ways that users are presented with the Google Device Arbitration Agreement, which is sometimes referred to as the Pixel Arbitration Agreement or the Google Arbitration Agreement.

1

3. Google began using the Google Device Arbitration Agreement in connection with its Pixel smartphones in October 2018. The Google Pixel 3 and 3a models were the first Pixel models that were subject to any arbitration agreement. Since October 2018, Google has used the Google Device Arbitration Agreement in connection with all models of its Pixel smartphones, including the Google Pixel 5, which launched in October 2020. The Google Pixel 5 has at all times been subject to the same Google Device Arbitration Agreement.

4. The first way that a Google Pixel 5 user becomes aware of the Google Device Arbitration Agreement is through the product packaging. Printed on the outside of the box, there is a notice alerting a potential user that use of the device may entail an arbitration agreement. The notice on the outside of the box provides: "Requires: Google Account, internet access, and or/ paid subscription for some features; acceptance of arbitration terms, see **g.co/devicearbitration**."

5. The second way that a Google Pixel 5 user becomes aware of the Google Device Arbitration Agreement is in the product packaging with the smartphone. Inside the box, there is a printed notice that informs the user that the Pixel 5 is subject to an arbitration agreement. This printed notice provides a website that presents the full Google Device Arbitration Agreement. The text of the printed notice inside the product packaging is as follows:

> **Notice of Arbitration**
>
> In accordance with the Google Arbitration Agreement - Devices, Related Accessories, and Related Subscription Services ("Arbitration Terms") set forth at g.co/devicearbitration, you acknowledge and agree that disputes relating to your Google device, related accessories, and related subscription services for your Google device ("Google Device") will be resolved through BINDING ARBITRATION on an individual, non-class basis, unless you have opted out or another exception applies as described in the Arbitration Terms. For disputes subject to arbitration, you agree to first send a written notice of the dispute by certified U.S. Mail or by Federal Express (or

international equivalent) to Google's address for notice, Google LLC, Legal Department – Hardware Arbitration, c/o Corporation Service Company, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833. The notice has to include, if available: (a) the name of the person making the claim, (b) the type of Google Device, as applicable, (c) the serial number of the Google Device, (d) the email address used to activate the Google Device, as applicable, (e) a description of the nature and basis of the claim, (f) the result that is desired (e.g., an amount of money), and (g) the case number(s) assigned by Google to track previous attempts to resolve the dispute, if there is one. We each agree to try to resolve the claim, but if we can't do that within 60 days after the notice is received, you or Google may initiate an arbitration proceeding by following the American Arbitration Association ("AAA") Rules. Unless the parties agree otherwise, your demand for arbitration must be sent to Google's address for notice and entitled "Demand for Arbitration." Google will send demands for arbitration to you at the e-mail address provided in the notice of the dispute.

6.  Users are also presented with the Google Device Arbitration Agreement electronically when they initially set up the Google Pixel 5. In order to activate the Pixel 5, users are required to proceed through an electronic setup process. Nichols was required to go through the Pixel 5 setup process to activate the device that he used. Google's business records show that Nichols completed the Pixel 5 setup process on October 29, 2020, as discussed below.

7.  During this setup process, Pixel 5 users are shown a screen titled "Additional legal terms" that informs them that, by clicking a bright blue "I accept" button on that screen, the users are agreeing to the Google Terms of Service and the Google Device Arbitration Agreement. On this screen, users are advised that their acceptance binds them to individual, non-class arbitration to resolve disputes. A true and correct image of this "Additional legal terms" screen that users, including Nichols, saw during the Pixel 5 setup process in October 2020 is reproduced here:

## Google

### Additional legal terms

By clicking "I accept", you agree to the Google Terms of Service and the Google Device Arbitration Agreement.

Note: The Google Privacy Policy describes how your data is handled.

All disputes regarding your Google device will be resolved through **binding arbitration** on an individual, non-class basis, as described in the Google Device Arbitration Agreement, unless you opt out by following the instructions in the Arbitration Agreement.

These additional legal terms apply only if you are a user located in the United States. These additional terms do not apply to Nexus phones, Pixel, Pixel XL, Pixel 2, and Pixel 2 XL.

[I accept]

      8.      The bolded, bright blue text "**Google Device Arbitration Agreement**" from the image of the "Additional legal terms" depicted above was hyperlinked such that users who clicked on that bright blue text would have been redirected to a screen displaying the entirety of the Google Device Arbitration Agreement.  Attached hereto as **Exhibit A** is a true and correct copy of the Google Device Arbitration Agreement in use since October 2019.

      9.      To complete the setup process for a Google Pixel 5 and activate the device, a user must click on the bright blue "I accept" button on the "Additional legal terms" screen.

4

### Nichols' Acceptance of the Google Device Arbitration Agreement

10.    Google's business records indicate that Plaintiff Steve Nichols previously owned a Pixel 5 device from October 2020 to October 2022, and currently owns and uses two Pixel 5 devices, purchased in October 2022 and November 2022, respectively.

11.    Google's business records indicate that Plaintiff Steve Nichols activated a Pixel 5 device on October 29, 2020, and accepted the Device Arbitration Agreement, Google Terms of Service, and Google Privacy Policy. Nichols' Pixel 5 device is Serial No. 15201FDD4002R4, IMEI No. 355841115146167. A screenshot depicting the date and time Nichols accepted all Google terms of service, including the Device Arbitration Agreement, is below:

```
2020-Oct-29 14:28:56 L     Product: ANDROID_SETUP_WIZARD
                           Event: GOOGLE_SERVICES_SCREEN_ACCEPTED
                           Component: SETUPSERVICES_GMSCORE_MODULE
                           UI Context: ANDROID_SETUP_WIZARD_GOOGLE_SERVICES
                           Session: (16244875953580884803, 10614409526176060225)

                           > Consent Privacy Plan Links (go/ckb)
                           > Consent User Interface Links (go/ckb)
                           > View the complete audit record.

2020-Oct-29 14:28:56 L     Product: ANDROID_SETUP_WIZARD
                           Event: ANDROID_SETUP_WIZARD_PIXEL_TOS_ACCEPTED
                           Component: ANDROID_SETUP_WIZARD_APP
                           UI Context: ANDROID_SETUP_WIZARD_PIXEL_TOS_INITIAL_SETUP
                           Session: (7491414278531335213, 10215655585204007886)

                           > View the complete audit record.
```

12.    Nichols represented in this Complaint when initiating this action that he purchased his Pixel 5 smartphone in or around October 2020 from Verizon, Best Buy, and/or Amazon, and lives in Ft. Collins, Colorado. According to Google's business records, only one Steve (or Stephen or Steven) Nichols registered a Google Pixel 5 device in Colorado in or around October 2020. This device was purchased from Verizon.

13. Nichols ceased using this device on October 17, 2022.

14. Google's business records indicate that Plaintiff Steve Nichols activated a second Pixel 5 device on October 21, 2022. Nichols' second Pixel 5 device is Serial No. 09061FDD4000U3, IMEI No. 35584111026032. A screenshot depicting the date and time Nichols accepted all Google terms of service, including the Device Arbitration Agreement, is below:

| 2022-Oct-21 20:09:30 L | Product: ANDROID_SETUP_WIZARD<br>Event: GOOGLE_SERVICES_SCREEN_ACCEPTED<br>Component: SETUPSERVICES_GMSCORE_MODULE<br>UI Context: ANDROID_SETUP_WIZARD_GOOGLE_SERVICES<br>Session: (15888598349121933070, 11836747039387957797)<br><br>> Consent Privacy Plan Links (go/ckb)<br><br>> Consent User Interface Links (go/ckb)<br><br>> View the complete audit record. |
|---|---|
| 2022-Oct-21 20:09:30 L | Product: ANDROID_SETUP_WIZARD<br>Event: ANDROID_SETUP_WIZARD_PIXEL_TOS_ACCEPTED<br>Component: ANDROID_SETUP_WIZARD_APP<br>UI Context: ANDROID_SETUP_WIZARD_PIXEL_TOS_INITIAL_SETUP<br>Session: (8952505866020342658, 13229859645086613108) |

15. The device is registered to the same email and Google account as Plaintiff's first device. Google's business records indicate that this device is still in active use.

16. Google's business records indicate that Plaintiff Steve Nichols activated a third Pixel 5 device on November 4, 2022. Nichols' third Pixel 5 device is Serial No. 15201FDD4002R4, IMEI No. 355841115146167. A screenshot depicting the date and time Nichols accepted all Google terms of service, including the Device Arbitration Agreement, is below:

6

Case No. 1:23-cv-01022-RMR-NRN    Document 7-1    filed 06/07/23    USDC Colorado
pg 7 of 10

```
2022-Oct-21 20:09:30 L    Product: ANDROID_SETUP_WIZARD
                          Event: GOOGLE_SERVICES_SCREEN_ACCEPTED
                          Component: SETUPSERVICES_GMSCORE_MODULE
                          UI Context: ANDROID_SETUP_WIZARD_GOOGLE_SERVICES
                          Session: (15888598349121933070, 11836747039387957797)

                          > Consent Privacy Plan Links (go/ckb)
                          > Consent User Interface Links (go/ckb)
                          > View the complete audit record.

2022-Oct-21 20:09:30 L    Product: ANDROID_SETUP_WIZARD
                          Event: ANDROID_SETUP_WIZARD_PIXEL_TOS_ACCEPTED
                          Component: ANDROID_SETUP_WIZARD_APP
                          UI Context: ANDROID_SETUP_WIZARD_PIXEL_TOS_INITIAL_SETUP
                          Session: (8952505866020342658, 13229859645086613108)
```

17. The device is registered to a different email address associated with Plaintiff's Google profile. Google's business records indicate that this device is still in active use.

**Opt-Out Procedure**

18. Google Pixel 5 users who did not want to agree to the terms of the Google Device Arbitration Agreement had 30 days from the date that they activated their device for the first time to either: (1) return that device for a full refund; or (2) opt out of the Google Device Arbitration Agreement, as explained in Paragraph 9 of the Google Device Arbitration Agreement. *See* Ex. A, ¶ 9.

19. The text "g.co/devicearbitration/optout" in Paragraph 9 of the Google Device Arbitration Agreement is a URL to Google's opt-out form, such that if a user entered that text into an internet browser, the user would have been redirected to a screen showing a short form that enabled the user to opt out of the Google Device Arbitration Agreement.

20. A true and correct image of the text of the opt out form that users would have found online at the aforementioned website in October 2020 is reproduced here:

> **Device Arbitration Opt-Out Form**
>
> This form allows Google device customers located in the United States to provide Google with information about your Google device in the event that you want to opt out of binding arbitration for disputes related to your Google device (including its related accessories and related subscription services).
>
> If you wish to opt out of binding arbitration (full terms at g.co/devicearbitration) for disputes related to your Google device (including its related accessories and related subscription services), please follow the instructions below. If you wish to continue using binding arbitration for disputes related to your Google device (including its related accessories and related subscription services), or you are located outside the United States, no further action is necessary.
>
> By clicking "Submit" below, you represent to Google that you have the authority to opt out of binding arbitration for disputes related to your Google device (including its related accessories and related subscription services), and activated your Google device for the first time within the last 30 days, unless a longer period is required by applicable law.

21. Following this text, the opt-out form for the Google Pixel 5 required the user to enter the serial number for their Pixel 5 device and the email address used to activate the device. Below these fields was a link to Google's Privacy Policy and a bright blue "Submit" button. A true and correct image of this form (with "Pixel 5" selected as an example device type and with a placeholder for the device serial number) is reproduced below:

8



## Nichols Did Not Opt-Out

22. Google maintains records of which users have opted out of the Google Device Arbitration Agreement. Google has no opt out record associated with (a) the serial numbers for Nichols' three Google Pixel 5 smartphones or (b) the email addresses that I understand Nichols to have used to activate his Pixel 5 device, including his personal and business email addresses associated with his Google profile.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. This declaration was executed on June 7, 2023, at Mountain View, California.

DocuSigned by:

*Victoria Luu*

0085FD6927474EC...

Victoria Luu